UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ERROL RICK, Assignee of COMFORT<br>BEDDING AND FURNITURE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | CIVIL ACTION |
| PROFIT MANAGEMENT ASSOCIATES, INC. | ) | NO. 15-11171-IT |
| d/b/a PROFIT MANAGEMENT PROMOTIONS | ) | |
| and/or PROFIT MANAGEMENT ASSOCIATES | ) | |
| EAST, INC.; MICHAEL J. EGAN, as President | ) | |
| and Individually; JOHN "HECTOR" MUSTAFA, | ) | |
| Individually; and RONALD COOPER, Individually, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF DECISION AND ORDER
## ON INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

March 13, 2017

DEIN, U.S.M.J.

### I. INTRODUCTION

The *pro se* plaintiff, Errol Rick, was the former President and 50% owner of Comfort

Bedding and Furniture, Inc. ("Comfort Furniture"), a company that was liquidated pursuant to a

Chapter 7 Bankruptcy Proceeding in the United States District Court, District of Massachusetts

(No. 11-42740-MSH).  He brings this action by virtue of an assignment from Comfort Furniture

authorized by the Bankruptcy Court dated January 20, 2014.

On or about February 24, 2011, Comfort Furniture entered into a Sales Promotion

Agreement with Profit Management Associates, Inc. d/b/a Profit Management Promotions

("PMP") pursuant to which PMP was to conduct a high impact promotional sale on behalf of

Comfort Furniture for 60 days, commencing on March 24, 2011.  Problems arose virtually immediately.  By April 18, 2011, Comfort Furniture served PMP a Notice and Demand letter pursuant to Mass. Gen. Laws ch. 93A.  According to the individual defendants, but denied by the plaintiff, PMP and Comfort Furniture entered into a Sales Promotion and Settlement Agreement dated May 16, 2011, which addressed their issues.[1]  Comfort Furniture filed for bankruptcy on June 28, 2011.

Plaintiff commenced this action on March 24, 2015 against PMP.  The complaint was subsequently amended to add the individual defendants, Michael Egan, John "Hector" Mustafa, and Ronald Cooper, to the claims originally brought against PMP, namely breach of contract, fraudulent misrepresentation, and violation of Mass. Gen. Laws ch. 93A.  PMP never filed a responsive pleading.  The individual defendants contend that PMP is no longer in business, although the plaintiff contends that it is continuing to do business under various other "Profit Management" names.  A default has been entered against PMP.

This matter is presently before the court on the individual defendants' motion to dismiss the amended complaint.  (Docket No. 37).  The parties have agreed to have this motion finally resolved by a Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Docket No. 46).  After consideration of the parties' oral and written filings, including the supplemental materials filed after the hearing, the motion to dismiss is ALLOWED WITHOUT PREJUDICE.  The plaintiff may file a motion to amend his complaint consistent with this decision, if appropriate, within 30 days of the date of this order.

---

[1] While the individual defendants moved to dismiss the complaint against them on the grounds of the release contained in the Settlement Agreement, they withdrew this grounds at oral argument on the motion to dismiss.

## II. STATEMENT OF FACTS

### Scope of the Record

When ruling on a motion to dismiss, the court must accept as true all well-pleaded facts, and give the plaintiff the benefit of all reasonable inferences.  See Cooperman v. Individual Inc., 171 F.3d 43, 46 (1st Cir. 1999).  Where, as here, the plaintiff is proceeding *pro se*, the court must construe his allegations liberally.  See Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed.2d 251 (1976) (a *pro se* complaint, however inartfully pleaded, must be liberally construed).  Of significance in the instant case, "[o]rdinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment."  Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).  "There is, however, a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiff['s] claim; or for documents sufficiently referred to in the complaint.'" Id. (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).  Here, the parties have submitted affidavits and various documents which go beyond those which are appropriately considered in connection with a motion to dismiss.  As detailed below, this court has only considered those materials which fall within this narrow exception.  This court has not converted the motion to dismiss to one for summary judgment.

### The Sales Promotion Agreement

Comfort Furniture sold furniture and home furnishings at its retail store located in Lowell, Massachusetts.  On February 24, 2011, "Comfort Bedding & Furniture, Inc." entered into a Sales Promotion Agreement (the "Agreement") with "Profit Management Associates East,

Inc., d/b/a Profit Management Promotions ('PMP')" to conduct "a high impact promotional sale" at the store.  See Agreement[2] at recital; Amended Complaint (Docket No. 34) ("Compl.") ¶ 7.[3]  Comfort Furniture was experiencing financial difficulties, and PMP promoted itself as a business with the expertise to run a promotional sale that would get Comfort Furniture out of its financial troubles.  See Compl. ¶ 29.  The Agreement provides that it "shall be construed and interpreted under the laws of the State of Pennsylvania."  Agreement ¶ 13.4.

Pursuant to the Agreement, PMP was to provide personnel and funding for the sale, among other things, in exchange for which it was to be paid a commission.  See Agreement ¶¶ 1-3, 8, 10.  From the outset, Comfort Furniture was dissatisfied with the personnel PMP provided, and with its business practices.  Compl. ¶¶ 9-16.  Comfort Furniture felt that PMP was running a "going out of business" or liquidation sale, instead of helping Comfort Furniture stay in business.  Id. ¶ 12.  In particular, but without limitation, PMP priced inventory in such a way that PMP received a large commission, but Comfort Furniture ended up with a deficiency.  Id. ¶ 13.  PMP also allegedly failed to pay bills it was contractually obligated to pay, and failed to obtain necessary lines of credit to be able to obtain product from manufacturers to fill customer orders.  Id. ¶¶ 14, 16.  In addition, Comfort Furniture contends that PMP employees were disrespectful and abusive, in addition to being incompetent, thereby causing Comfort Furniture to sustain significant losses.  Id. ¶¶ 10-11, 15.

---

[2] It is undisputed that a copy of the Agreement is attached to the Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint" (Docket No. 38) as Attachment 2 to the Affidavit of Ronald Cooper (Docket No. 38-1).  Since the Agreement forms the basis of, and is referenced in, the Amended Complaint it is appropriately considered in connection with the motion to dismiss.

[3] While the Amended Complaint states that the Agreement was signed on March 24, 2011, that appears to be a typographical error.  See Compl. ¶ 7.  The parties agree that it was signed on February 24, 2011, with the sale to begin on March 24, 2011.

As a result of PMP's conduct, Comfort Furniture allegedly suffered damages.  According to Comfort Furniture, these damages are in the form of (a) sales taxes and delivery costs that were collected by PMP but not turned over to Comfort Furniture, which was liable for the expenses ($23,445); (b) $25,000 in "cash advances" taken by PMP employees without authorization; (c) the balance of the parties' joint bank account, which was created for the promotional event and which PMP wrongfully retained for its own use ($8,727.01); (d) costs paid by Comfort Furniture for promotion items that were properly the responsibility of PMP ($4,707); (e) refunds to customers paid by Comfort Furniture on sales proceeds retained by PMP ($54,929.71); (f) pre-promotion invoices PMP had promised to pay in consideration for the Agreement ($134,000); (g) a check that was improperly issued by a PMP employee to himself ($3,179); (h) lost profits from the sale ($318,733.50); and (i) lost profits from sales lost due to PMP's improper sales practices ($320,000).  Id. ¶ 18.  For their part, the defendants argue that damages are capped, and point to ¶ 13.6 of the Agreement, which provides:

> In the event that Client has a claim against PMP for any reason, PMP's liability shall in all circumstances and for all claims be limited to the amounts actually paid by Client to PMP hereunder.

Id. ¶ 13.6.  The defendants contend that these amounts are far below the $75,000 threshold necessary to support the diversity jurisdiction of the federal court.

### The Bankruptcy

It is undisputed that Comfort Furniture filed for protection under Chapter 11 of the United States Bankruptcy Code on June 28, 2011.  Defs. Mem. (Docket 38) Ex. D (Docket Sheet for Bankruptcy Petition #11-42740, United States Bankruptcy Court, District of Massachusetts

(Worcester)).[4]  On August 5, 2011, the motion of the debtor, Comfort Furniture, to convert its

case to Chapter 7 was allowed, and "an order for relief under Chapter 7" was entered on that

date.  Id. Ex. E (Bankruptcy Trustee's Motion) at ¶ 1.  On August 9, 2011, David Nickless

accepted his appointment as Trustee in Bankruptcy for the estate of Comfort Furniture.  On

December 27, 2013, the Trustee filed a motion to sell the claims of the estate of Comfort

Furniture against Profit Management Associates Inc. to Errol Rick.  Id. Ex. E.  The sale was

subject to any defenses of PMP.  Id. Ex. E at ¶ 15.  The motion was allowed on January 30, 2014.

Id. Ex. F.  Rick commenced this action on March 24, 2015.

> Additional facts will be provided below.

### III.  ANALYSIS

### A.      Motion to Dismiss Standard of Review

The individual defendants have moved to dismiss the complaint against them on the

grounds that this court lacks subject matter jurisdiction due to an alleged insufficient amount in

controversy, and because the complaint allegedly fails to state a claim upon which relief can be

granted.  Motions to dismiss for failure to state a claim test the sufficiency of the pleadings.

Thus, when confronted with such a motion, the court accepts as true all well-pleaded facts and

draws all reasonable inferences in favor of the plaintiff.  Cooperman, 171 F.3d at 46.  Dismissal

is only appropriate if the complaint, so viewed, fails to allege a "plausible entitlement to relief."

Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 559, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007)).

---

[4] The court may take judicial notice of the docket of another court.  In addition, the Bankruptcy Court
pleadings cited herein were submitted by both parties either as an attachment to the defendants'
memorandum, or to the Affidavit of Errol Rick filed after the hearing on the motion to dismiss.

"The plausibility inquiry necessitates a two-step pavane." Garcia-Catalan v. United States, 734 F.3d 100, 103 (1st Cir. 2013). "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011)) (additional citation omitted). This second step requires the reviewing court to "draw on its judicial experience and common sense." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009)). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Morales-Cruz, 676 F.3d at 224 (quoting SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010)). As detailed herein, this court finds that it has jurisdiction over this case, but the complaint must be dismissed for failure to state a claim upon which relief can be granted.

### B.   Subject Matter Jurisdiction

The plaintiff contends that this court has jurisdiction under 28 U.S.C. § 1332(a)(1) on the grounds that there is diversity between the parties and the amount in controversy is in excess of $75,000. The defendants admit that there is diversity, but challenge the damages. In particular, they rely on ¶ 13.6 of the Agreement that limits "PMP's liability . . . in all circum-stances and for all claims . . . to the amounts actually paid by [Comfort Furniture] to PMP[.]" The individual defendants set this amount at approximately $19,000. See Defs. Mem. at 11.

During oral argument, Rick indicated that the amount could be approximately $44,000.[5]  See

Defs. Resp. (Docket No. 53) at 2.  Obviously, either amount is below the jurisdictional threshold.

Assuming, arguendo, that this clause is enforceable and applies to the claims raised in

the complaint (about which this court expresses no opinion), it is not controlling in connection

with the instant motion to dismiss.  As the individual defendants argue, they are not parties to

the Agreement.  The contractual limitation on damages, by its terms, limits PMP's liability.  It

has no application to the individual defendants' liability.  According to the plaintiff, and as

detailed in the complaint, the damages Comfort Furniture suffered far exceeded $75,000.

Thus, if the individual defendants are liable to the plaintiff, it is not clear that the amount in

controversy is below the jurisdictional level.  Therefore the complaint against the individual

defendants will not be dismissed for lack of jurisdiction.

C.      **Challenge to the Sufficiency of the Pleadings**

The individuals have also moved to dismiss all three counts of the complaint for failure

to state a claim upon which relief can be granted.  For the reasons detailed herein, this motion

will be allowed although the plaintiff will be permitted to attempt to re-plead some of the

dismissed claims.

**Count I: Breach of Contract**

Count I of the Amended Complaint purports to state a claim for breach of contract.  As

the plaintiff has alleged:

> 20.  Plaintiff's assignor and the Defendants had an agreement to conduct a
> high impact promotional sale on Comfort Furniture's premises for a sixty day
> [period] following March 24, 2011.

---

[5]  This court will assume for present purposes, although it is not clear, that this was a sufficiently
affirmative representation to constitute a binding admission.

21. Defendants, without legal excuse, failed to satisfy their obligations under the contract by withholding or otherwise failing to provide competent personnel during the sale.

Compl. ¶¶ 20-21.

This count must be dismissed against the individual defendants because they are not parties to the Agreement.  It is clear that the Agreement was "between Profit Management Associates East, Inc., d/b/a Profit Management Promotions ('PMP'), and Comfort Bedding & Furniture, Inc. ('Client')."  It was signed by Michael Egan in his capacity as President of Profit Management Associates East, Inc., d.b.a. Profit Management Promotions.  There is no basis in the complaint to bind the individual defendants to the terms of the Agreement.  See Lumax Indus., Inc. v. Aultman, 543 Pa. 38, 41-42, 669 A.2d 893, 895 (1995) ("there is a strong presumption in Pennsylvania against piercing the corporate veil" and "the general rule [is] that the corporate entity should be recognized and upheld" (quotation omitted)).

Plaintiff argues as follows:

> At the time of the preparation of the original Complaint, Plaintiff named the corporate parties that he knew at the time were part of PMP.  However, after further review and investigation, the Plaintiff discovered that PMP and the three individually named defendants continually and systemically re-organized PMP under similar names with the intention of obfuscating liability and responsibility for the actions and activities of the PMP and the individu-ally named defendants by altering the corporate name and the responsible parties of each.  In all re-organizations, the same three individually named defendants are designated as corporate officers or members.

Pl. Opp. (Docket No. 41) at 6.  This argument is insufficient to defeat the individual defendants' motion to dismiss.

The individual defendants argue that the plaintiff is attempting to state a claim for piercing the corporate veil of PMP, and that these allegations are insufficient.  See Lieberman v.

Case 1:15-cv-11171-IT   Document 54   Filed 03/13/17   Page 10 of 16


Corporacion Experienca Unica, S.A., Civil Action Nos. 14-3393, 14-5102, 2016 WL 7450464,

at*11-14 (E.D. Pa. Dec. 27, 2016) (discussing standard for piercing the corporate veil) (and cases

cited).  It seems that the plaintiff also may be attempting to state a claim for successor cor-

porate liability.  See Childers v. Power Line Equip. Rentals, Inc., 452 Pa. Super. 94, 115-16, 681

A.2d 201, 212 (1996) (discussing standard for successor liability) (and cases cited).  In any event,

all parties are relying on affidavits and alleged facts that are not included in the complaint, and

are not properly considered in connection with a motion to dismiss.  While there may be a

theory for holding the individual defendants, and other Profit Management entities, liable

under the Agreement, it has not been pleaded in the complaint.  Therefore, Count I will be

dismissed without prejudice.  The plaintiff may attempt to re-plead the breach of contract

claim, if appropriate, within thirty (30) days of the date of this order.

### Count III: Intentional Misrepresentation/Fraud

In Count III of the complaint, plaintiff alleges as follows:

> 29.  With the intention that Comfort Furniture would rely upon the statement, the Defendants represented that it would conduct a "promotional sale" that would get Comfort Furniture out of its financial troubles [and this] was a material fact relied upon by Comfort Furniture.

> 30.  By making this statement, contrary to Defendants' ability to do so, and the additional bad acts of theft and fraud engaged in by personnel of PMP, the Defendants acted with conscious indifference to the truth and/or with the knowledge of the falsity of its statement and criminality of the acts of its agents.

> 31.  Plaintiff/Comfort Furniture relied upon the Defendants' intentional, malice, purposeful misrepresentations to their detriment and the Defendants exploited Comfort Furniture's reliance by wrongly retaining all income, profits and monies during the sale period and failing to provide an accounting or perform any of the obligations under the contract.  PMP's behavior was unconscionable.

Compl. ¶¶ 29-31.  The individual defendants have moved to dismiss this Count on the grounds

that it fails to state a claim, and is barred by the statute of limitations.  This court agrees, and

the claim of fraud will be dismissed with prejudice.

As an initial matter, this court must address which law should apply to this tort claim.  It

is well settled that "[a] federal Court sitting in diversity must apply the choice of law principles

of the forum state," and, thus, this court "must look to Massachusetts choice of law rules."

Dunfey v. Roger Williams Univ., 824 F. Supp. 18, 20 (D. Mass. 1993).  Relying on the choice of

law provision in the contract, the defendants argue that Pennsylvania law should apply.  The

plaintiff, on the other hand, argues that the misrepresentations related to a sale that was to

take place in Massachusetts, and that the injury was sustained here, so that Massachusetts law

should be applied.  Applying the "functional" approach of the Restatement (Second) of Conflict

of Laws, this court finds that the law of Massachusetts should apply since no other state has a

more significant relationship to the underlying cause of action, and the injury occurred in

Massachusetts.  See Geshke v. Crocs, Inc., 889 F. Supp. 2d 253, 260 (2012) (even under the

"functional" approach, "unless another state has a more significant relationship to the

underlying cause of action, tort claims remain governed by the law of the state in which the

alleged injury occurred") (and cases cited).  Nevertheless, as detailed below, the claim of

fraudulent misrepresentation must be dismissed under either state's laws.

Under both Massachusetts and Pennsylvania law, to prevail on a claim for fraudulent

misrepresentation, the plaintiff "must establish that the defendant 'made a false representa-

tion of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to

act thereon, and that the plaintiff reasonably relied upon the representation as true and acted

upon it to his damage.'" <u>Russell v. Cooley Dickinson Hosp., Inc.</u>, 437 Mass. 443, 458, 772 N.E.2d 1054, 1066 (2002) (quoting <u>Danca v. Taunton Sav. Bank</u>, 385 Mass. 1, 8, 429 N.E.2d 1129 (1982) (additional citation omitted)).  <u>See</u> <u>also</u> <u>In re LMcD, LLC</u>, 405 B.R. 555, 562-63 (M.D. Pa. 2009) (citing <u>Delahanty v. First Pa. Bank, N.A.</u>, 318 Pa. Super. 90, 464 A.2d 1243 (1983)).  Pursuant to Fed. R. Civ. P. 9(b), a party alleging fraud or mistake "must state with particularity the circum-stances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Thus, the party claiming fraud "must specify the time, place, and content of an alleged false representation sufficiently to put [the opposing party] on notice and enable them to prepare meaningful responses." <u>OrbusNeich Med. Co., Ltd., BVI v. Boston Sci. Corp.</u>, 694 F. Supp. 2d 106, 118 (D. Mass. 2010).  Moreover, where there are multiple defendants, the specific role of each must be alleged.  <u>See</u> <u>Taylor v. Moskow</u>, Civil Action No. 13-12675-FDS, 2014 WL 2573990, at *5 (D. Mass. June 6, 2014) (complaint for misrepresentation dismissed where allegations were "vague as to which of the defendants made the purportedly misleading statements"); <u>Beram v. Ceaco, Inc.</u>, Civil Action No. 16-10569-PBS, --- F. Supp. 3d ---, 2016 WL 7030427, at *5 (D. Mass. Dec. 1, 2016) (com-plaint for fraudulent misrepresentation dismissed where "[t]he complaint does not state what fraudulent misrepresentations were made, when, where, or by whom."); <u>DiVittorio v. Equidyne Extractive Indus., Inc.</u>, 822 F.2d 1242, 1247 (2d Cir. 1987) ("Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud.").

　　　In the instant case, the only specific fraudulent misrepresentation alleged is that PMP "would conduct a 'promotional sale' that would get Comfort Furniture out of its financial troubles[.]"  Compl. ¶ 29.  As an initial matter, it is questionable whether this is a statement of

fact that can give rise to a claim of misrepresentation.  Where a company's representation is merely "normal commercial puffing," it is an inactionable statement of opinion.  <u>Cummings v. HPG Int'l, Inc.</u>, 244 F.3d 16, 21 (1st Cir. 2001).  In any event, the complaint fails to give the specifics of who made the statement, or where or when it was made.  The complaint also fails to delineate the role of each defendant in connection with the alleged fraudulent misrepresentations.  Thus, the complaint fails to comply with the pleading requirements of Rule 9(b), and the claim of fraud must be dismissed.

The claim is also barred by the statute of limitations, making any future attempt to replead this claim futile.  Pennsylvania has a two-year statute of limitations for fraud, while Massachusetts has a three-year statute.  42 Pa. C.S.A. § 5524(7); Mass. Gen. Laws ch. 260, § 2A.  Any statements were made, and the damage incurred, before Comfort Furniture filed for bankruptcy on June 28, 2011.  However, suit was not filed until March 24, 2015.  Since this was well beyond the three-year statute of limitations, it is untimely.

The plaintiff argues that the fact that Comfort Furniture was in bankruptcy somehow tolled the statute of limitations.  This is not correct.  Pursuant to Bankruptcy Code § 108(a), the trustee named in the bankruptcy is permitted "to commence an action, for which the applicable statute of limitations had not expired before the date when the bankruptcy case was filed, before the later of the time period provided under the applicable non-bankruptcy law statute of limitations or two years after the Order for Relief commencing the bankruptcy case."  <u>In re Stanley J. Segal, Debtor</u>, 510 B.R. 753, 766 (E.D. Pa. 2014) (citing 11 U.S.C. § 108(a)).  This provision is applicable in the instant case, since the tort statute of limitations had not expired as of the date the bankruptcy was filed.  If "the later of the time" is two years after the commence-

ment of the bankruptcy case, the extension may be exercised by either a trustee or a debtor-in-possession.  Motor Carrier Audit & Collection Co. v. Lighting Prods., Inc., 113 B.R. 424, 426 (N.D. Ill., E. Div. 1989).

In the instant case, the non-bankruptcy (Massachusetts) law statute of limitations of three-years for fraud would have expired sometime in 2014.  The "order for relief commencing the bankruptcy case" was issued on August 5, 2011, so the two year period would have expired on August 5, 2013.  Under either scenario, the filing in 2015 was untimely.   Therefore, Count III will be dismissed with prejudice.

### Count II: Mass. Gen. Laws ch. 93A

In Count II of the complaint, the plaintiff alleges that the defendants violated Mass. Gen. Laws ch. 93A by committing unfair and deceptive acts and practices in connection with the promotional sale by making misrepresentations, misappropriating funds and failing to properly allocate funds, among other things.  See Compl. ¶¶ 24-26.  As noted above, the sale took place beginning on March 24, 2011, and suit was commenced on March 24, 2015.  The individual defendants have moved to dismiss this claim on the grounds that it is untimely.  This court does not agree.  There is a four year statute of limitations under Mass. Gen. Laws ch. 93A.  See Mass. Gen. Laws ch. 260, § 5A.[6]  Since the plaintiff is challenging the defendants' conduct in conducting the sale, it appears that most, if not all of of the allegedly wrongful conduct took place within the limitations period.

---

[6]  The defendants simply argue that Count II should be dismissed under the two  year Pennsylvania statute of limitations for torts.  See Defs. Mem. at 12-13.  They have not provided any reason why the express four year statute of limitations governing 93A claims should not apply.

Nevertheless, this court finds that the claim against the individual defendants under ch. 93A must be dismissed, albeit without prejudice, in light of the plaintiff's failure to identify the allegedly wrongful conduct of the individual defendants.  Under Massachusetts law, common law claims for deceit or fraudulent misrepresentation may form the basis of a claim under Mass. Gen. Laws ch. 93A, as may other unscrupulous business practices.  See Rodi v. S. New England Sch. of Law, 389 F.3d 5, 20 (1st Cir. 2004); Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 778, 489 N.E.2d 185, 197 (1986).  In addition, even a person who is acting within the scope of his authority as an officer of a company may be held personally liable for his own misrepresentations under Mass. Gen. Laws ch. 93A.  See Standard Register Co. v. Bolton-Emerson, Inc., 38 Mass. App. Ct. 545, 551, 649 N.E.2d 791, 794-95 (1995).  A 93A claim sounding in fraud must satisfy the heightened pleading requirement of Fed. R. Civ. P. 9(b).  Watkins v. Omni Life Sci., Inc., 692 F. Supp.2d 170, 177 (D. Mass 2010).  In the instant case, however, the allegations in the complaint refer only to PMP or to unnamed PMP personnel.  For the reasons detailed more fully in connection with the plaintiff's claim of fraud, the allegations are insufficient to state a claim against the individual defendants for their own personal wrongdoing, nor does it state a basis for disregarding the corporate entity.  The plaintiff shall be given 30 days to file a motion to amend the complaint if the facts so warrant.

## CONCLUSION

For all the reasons detailed herein, the defendants' motion to dismiss (Docket No. 37) is allowed with prejudice as to Count III, and without prejudice as to Counts I and II.  If appropriate, plaintiff may file a motion to amend the complaint within thirty (30) days of the date of this order.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge