UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ERROL RICK, Assignee of COMFORT BEDDING AND FURNITURE, INC., *Plaintiff* | ) | |
| v. | ) | |
| PROFIT MANAGEMENT ASSOCIATES, INC. d/b/a PROFIT MANAGEMENT PROMOTIONS and/or PROFIT MANAGEMENT ASSOCIATES EAST, INC., MICHAEL EGAN, RONALD COOPER AND JOHN MUSTAFA *Defendants* | ) | **CIVIL ACTION NO. 15-CV-11171-IT** |

**OPPOSITION OF MICHAEL EGAN, RONALD COOPER, AND JOHN ("HECTOR") MUSTAFA TO PLAINTIFF'S SUPPLEMENTAL MOTION FOR SECOND AMENDED COMPLAINT**

NOW COME the Defendants, Michael Egan, Ronald Cooper, and John ("Hector") Mustafa (hereinafter "Individual Defendants"), who hereby oppose the Plaintiff's Motion to Amend his Complaint a second time. The Plaintiff's instant motion, filed on the heels of Judge Magistrate Dein's March 13, 2017 (the "Decision") dismissal of each of the three counts of the Amended Complaint, is inconsistent with *both* the letter and the spirit of the Decision.

## BACKROUND

On March 13, 2017, Magistrate Judge Dein dismissed each of the three Counts of Plaintiff's Amended Complaint, Counts I and II without prejudice and the third, Count III sounding in intentional misrepresentation/fraud, was dismissed *with prejudice*. On page 2 of her Decision, Magistrate Judge Dein stated "the Plaintiff may file a Motion to Amend his Complaint *consistent with this decision*, *if appropriate,* within thirty days of the date of this Order." Count I, sounding in breach of contract, was dismissed because, according the Court, the individual

defendants were not parties to the Agreement which is the subject matter of this lawsuit. Magistrate Judge Dein, at page 10 of the Decision, stated "while there may be a theory for holding the Individual Defendants and other Profit Management entities, liable under the Agreement, it has not been pleaded in the Complaint. Therefore, Count I will be dismissed without prejudice."

As to Count II asserting violations of M.G.L. c.93A, Judge Dein determined at page 15 of her Decision that the "claim against the Individual Defendants under 93A must be dismissed, albeit without prejudice, in light of Plaintiff's failure to identify the allegedly wrongful conduct of the Individual Defendants." Furthermore, Judge Dein stated "a 93A claim sounding in fraud must satisfy the heightened pleading requirements of Fed.R.Civ.Pro. 9(b)," citing as authority *Watkins v. Omni Life Science, Inc.*, 692 F.Sup.2d 170, 177 (D.Mass. 2010). Finally, the Plaintiff's instant motion, which seeks to revive Count III, ignores the fact that Count III was dismissed by Judge Magistrate Dein *with prejudice*.

For the reasons set forth herein, the Plaintiff's proposed amendment to his complaint is inconsistent with the Court's March 13, 2017 decision and, on its face, insufficient to withstand dismissal. Therefore, the Individual Defendant's urge that the Court deny Plaintiff's instant motion and enter a dismissal with prejudice of all counts against the Individual Defendants.

## ARGUMENT

### I. THE PLAINTIFF HAS FAILED TO PLEAD A "THEORY" FOR HOLDING THE INDIVIDUAL DEFENDANTS OR ANY PMP RELATED ENTITY LIABLE UNDER COUNT I

The Plaintiff's proposed Second Amended Complaint fails to plead or otherwise articulate a "theory" for holding the individual Defendants liable. None of the purported "new facts" make the contract count more viable than when dismissed by the Magistrate Judge in

March, 2017. The Amended Complaint fails to ascribe to the Individual Defendants any obligations apart from those of PMP under the contract. It fails to assert facts from which, on their face, the fact finder could reasonably conclude, that a contract, either implied-in-fact or express, between the Plaintiff and any of the Individual Defendants existed at any point in time.

It is already the law of the case that there was only one express contract, the March, 2011 contract between Plaintiff and PMP. Since the express contract covered the same subject matter and obligations as Plaintiff now seeks to hold individual Defendant responsible for, no implied-in-fact contract can exist. “The law will not imply a contract where there is an existing express contract covering the same subject matter.” *Zarum v. Brass Mills Materials Corp.*, 334 Mass. 81, 85 (1956), *Ludemann Electric, Inc. v. Dickran*, 903 N.Y.S. 2d 532, 534 (2nd Dept. 2010).

In his second amended contract count, the Plaintiff generally complains about purported “misrepresentations” by the Individual Defendants, but does not assert facts that could or would be construed to have formed a contract between those Individual Defendants and the Plaintiff. Moreover, it is apparent on its face that the proposed amended Complaint makes no allegations against the Individual Defendants apart from those breaches asserted against the corporate defendant, PMP. For instance, the Plaintiff claims in Paragraph 36 of his proposed amended pleading that Defendant Mustafa “failed to satisfy PMP’s obligations under the contract”. While this baseless statement, even if true, might be construed as a breach by PMP, it does not create a contractual relationship between Mustafa, individually, and the Plaintiff. This is emblematic of the Plaintiff’s failure throughout the proposed amended pleading to assert that Mustafa, or any of the Individual Defendants, had responsibilities apart from their duties as an agent or authorized individual for PMP under the contract.

Because Rick has failed to enunciate a "a theory for holding the Individual Defendants and other Profit Management entities, liable under the Agreement," Count I of his proposed Second Amended Complaint should be dismissed.

## II. COUNT II IS INSUFFICIENTLY PLEAD AS A MATTER OF LAW

Count II of both the Plaintiff's Amended Complaint and proposed Second Amended Complaint allege violations of M.G.L. c.93A in the form of misrepresentations. "A claim sounding in fraud must satisfy the heightened pleading requirement of Fed.R.Civ.P. 9(b)."[1] *Watkins v. Omni Life Science, Inc.*, 692 F.Sup.2d 170, 177 (D.Mass. 2010). To constitute a viable claim sounding in fraudulent misrepresentation, the Plaintiff is required to specify the time, place and content of the false representations that it relied on. *Orbusneich Medical Co. v Boston Scientific*, 694 F. Supp. 106,118 (D. Mass. 2010). Conclusory allegations, such as those proffered by the Plaintiff here, are insufficient to satisfy the specificity requirements of Rule 9(b). *Id.*

The Plaintiff's general averments of fraud fail to identify the "who, what, when, where and how" of the purported misconduct. *Rodenhurst v Bank of America*, 773 F. Supp. 886, 896 (D. Hawaii 2011). Even though Rick identifies the Defendants individually in various paragraphs under Count II, the reference is still devoid of the necessary specifics. The Plaintiff fails to specify the time, the place, and the specific content of any of the Individual Defendants alleged fraudulent misrepresentations. In addition to being overly general and without any specifics, the same exact generalized misrepresentations are suspiciously attributed to each of the Individual Defendants. It is not remotely conceivable that each of the defendants made the exact same misrepresentation to the Plaintiff; however, even if we assume the allegations are true, because

[1] Fed. R. Civ. P. 9(b) states, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake…"

the Plaintiff does not supply any context, including the date, the time, location, or any other essential information, the bald assertions are insufficient as a matter of law.

Finally, the Plaintiff fails to assert nor is it possible to construe, that any representation, alleged misrepresentation, or statement made by any of the Individual Defendants were made outside of or not within the scope of their status as an agent or authorized representative of PMP. It is still the case that, to fall outside of the express provision of the contract, Paragraph 13.1, representations made by any of the Individual Defendants, to the extent that they were beyond mere "puffing", would still need to be made beyond the scope of their agency and authority, allegations not plead in Plaintiff's proposed amendment.

Under these circumstances, the Plaintiff's proposed second amendment to his complaint, by simply attempting to add conclusory and general statements of bad conduct, is insufficient to withstand dismissal. Therefore, the Individual Defendants oppose the proposed amendment and urge the Court to dismiss same finally and with prejudice.

## III. THE ATTEMPTED ADDITION OF SIX NEW CORPORATE ENTITIES UNRELATED TO THE LITIGATION IS IMPERMISSIBLE

The Plaintiff's attempted addition of six (6) new corporate entities which are wholly unrelated to the pending litigation is impermissible because (a) it is inconsistent with Judge Magistrate Dein's Decision and (b) there is no legal or factual nexus between the proposed corporate defendants to the pending matter. First, Magistrate Judge Dein's decision never indicated or even suggested that, in amending its complaint (again), the plaintiff could add new unrelated parties. And second, notwithstanding the Court's natural bias toward "fairness" and "equity", the Plaintiff fails to assert that these proposed new parties bear any factual connection to the instant litigation. The Plaintiff alleges only that one of the Individual Defendants are

officers of at least one of the six proposed additional corporate defendants, not enough on its face to allow the Plaintiff to pierce the corporate veil (see Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint, pp.18-20, which is incorporated herein by reference).

To the extent that Rick's attempt to add these unrelated corporate entities is to "reach and apply" the Individual Defendants' respective ownership interest in them, Plaintiff's proposed amendment fails to state a cause of action, warranting the Court's denial. In Massachusetts, reach and apply actions can be in the form of either a "non-statutory" equitable action or a statutory claim pursuant to MGLc 214, §3(6). Under either form, the claim fails as proffered.

To proceed with an equitable, a non-statutory action, the Plaintiff, with a few narrow exceptions not present here, must be a judgment creditor, *Hunter v Youthstream Media Networks, Inc*., 241 F. Supp. 2d 52, 56-57 (D. Mass. 2002), *In re Osgood*, 203 B. R. 865, 869 (Bkrtcy. D. Mass. 1997) *and* who has unsuccessfully attempted to obtain satisfaction at law. *Cavadi v Deyeso*, 458 Mass. 615, 625 (2010). Because the Plaintiff is not at this point even a judgment creditor of the Individual Defendant's, an equitable reach and apply action is not ripe and cannot lie.

Moreover, although not plead, to the extent that the Court considers Rick's attempt to add the corporate defendants as a statutory reach and apply claim pursuant to G.L. c.214, §3(6), the it similarly fails. The very first step necessary to the maintenance of a statutory action is to show the existence of a "debt" owed to the plaintiff by the "principal defendant". *Hunter,* Supra at 57, citing *Massachusetts Electric Company v Athol One, Inc.*, 391 Mass. 685 (1984). A "debt" does not include a pending breach of contract suit not reduced to judgment. *In re Rare Coin Galleries of America, Inc.*, 862 F. 2d 896, 904 (1st Cir. 1988). "The word 'debt' has never been made to

include the simple possibility of being responsible for damages for the breach of an executory contract where neither the fact of liability nor the amount can be held to affirmatively exist until a judgment has been recovered." *H. G. Kilbourne Co. v Standard Stamp Affixer Co.*, 216 Mass. 118, 122 (1913).

Since the attempted addition of the six corporate entities is a direct violation of Magistrate Judge Dein's Decision and has no legal basis, the Individual Defendants ask the Court to deny the instant request to add these new corporate defendants.

**CONCLUSION**

The Plaintiff's action is respectfully without merit and his present attempts to resuscitate it are also without merit, are vexatious, time consuming and extremely financially burdensome to these are individuals defendants. Keeping in mind that the claims have already been dismissed against them once and Plaintiff has failed hereby to make actionable amendments to the contract and 93A counts, the Individual Defendants urge that they be dismissed with prejudice at this time.

MICHAEL EGAN, RONALD COOPER,
AND JOHN MUSTAFA
By their Attorneys:

***/s/ Howard E. Stempler***

Robert S. Adler (BBO #544145)
Howard E. Stempler (BBO #547197)
Seder & Chandler, LLP
339 Main Street
Worcester, MA 01608
(508) 757-7721
radler@sederlaw.com
hstempler@sederlaw.com

Dated: July 7, 2017

**CERTIFICATE OF SERVICE**

I, Howard E. Stempler, hereby certify that on the 7th day of July 2017, I caused to be served a copy of the foregoing **Opposition of Michael Egan, Ronald Cooper, and John ("Hector") Mustafa to Plaintiff's Supplemental Motion for Second Amended Complaint** upon the Plaintiff, electronically by the Court's ECF system and by first-class mail, postage prepaid to:

Errol Rick, Assignee of Comfort Bedding and Furniture, Inc.
9 Ellsworth Village
Acton, MA 01720

***/s/ Howard E. Stempler***
Robert S. Adler (BBO #544145)
Howard E. Stempler (BBO #547197)
Seder & Chandler, LLP
339 Main Street
Worcester, MA 01608
(508) 757-7721
radler@sederlaw.com
hstempler@sederlaw.com