UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERROL RICK, Assignee of COMFORT ) <br> BEDDING AND FURNITURE, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> PROFIT MANAGEMENT ASSOCIATES, INC. ) <br> d/b/a PROFIT MANAGEMENT PROMOTIONS ) <br> and/or PROFIT MANAGEMENT ASSOCIATES ) <br> EAST, INC.; MICHAEL J. EGAN, as President ) <br> and Individually; JOHN "HECTOR" MUSTAFA, ) <br> Individually; and RONALD COOPER, Individually, ) <br> ) <br> Defendants. ) | CIVIL ACTION <br> NO. 15-11171-JGD |

# MEMORANDUM OF DECISION AND ORDER ON
# MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

April 13, 2018

DEIN, U.S.M.J.

## I. INTRODUCTION

By Memorandum of Decision and Order dated March 13, 2017, this court dismissed plaintiff's amended complaint (Docket No. 34), but granted him permission to seek leave to file a second amended complaint to address the deficiencies in Count I (breach of contract) and Count II (violation of Mass. Gen. Laws ch. 93A). Count III, which purported to state a claim for intentional misrepresentation/fraud, was dismissed with prejudice as it raised claims which were time-barred. See Rick v. Profit Mgmt. Assoc., Inc., 241 F. Supp. 3d 215 (D. Mass. 2017). Thereafter, the plaintiff filed a motion for leave to file a second amended complaint (Docket No. 60), although the proposed amended complaint, at the plaintiff's request, was

subsequently amended. (Docket No. 74).[1] The defendants have opposed the motion. For the reasons detailed herein, the proposed second amended complaint, as amended, states a claim for unfair and deceptive acts or practices against the defendant Ronald Cooper. The remaining counts, however, still fail to state a claim upon which relief can be granted. The motion for leave to file the second amended complaint (Docket Nos. 60 & 74) is ALLOWED IN PART and DENIED IN PART accordingly.

## II. STATEMENT OF FACTS

Since the proposed second amended complaint is premised on the first amended complaint, this court will assume the reader's familiarity with its earlier decision. By way of an overview, the *pro se* plaintiff, Errol Rick, was the former President and 50% owner of Comfort Bedding and Furniture, Inc. ("Comfort Furniture"), a company that was liquidated pursuant to a Chapter 7 Bankruptcy Proceeding in the United States District Court, District of Massachusetts (No. 11-42740-MSH). He brings this action by virtue of an assignment from Comfort Furniture authorized by the Bankruptcy Court dated January 20, 2014.

On or about February 24, 2011, Comfort Furniture entered into a Sales Promotion Agreement with Profit Management Associates, Inc. d/b/a Profit Management Promotions ("PMP") pursuant to which PMP was to conduct a high impact promotional sale on behalf of Comfort Furniture for 60 days, commencing on March 24, 2011. Problems arose virtually

---

[1] The Individual Defendants filed a "limited objection" to the amendment to the second amended complaint on the grounds that it exceeded the scope of the court's order allowing the amendment. (See Docket No. 75). They do not seek any specific relief in their opposition, and the challenged modifications do not materially alter the complaint or add substantial new facts. Therefore, the proposed amended second amended complaint (Docket No. 74) will be the operative document.

2

immediately. By April 18, 2011, Comfort Furniture served PMP with a Notice and Demand letter pursuant to Mass. Gen. Laws ch. 93A.

### The First Amended Complaint

Plaintiff commenced this action on March 24, 2015 against PMP. The complaint was subsequently amended to add the individual defendants, Michael Egan, John "Hector" Mustafa, and Ronald Cooper (collectively, the "Individual Defendants"), to the claims originally brought against PMP, namely breach of contract, fraudulent misrepresentation, and violation of Mass. Gen. Laws ch. 93A. PMP never filed a responsive pleading. The Individual Defendants contend that PMP is no longer in business, although the plaintiff contends that it is continuing to do business under various other names. A default has been entered against PMP.

The Individual Defendants moved to dismiss all the counts of the complaint. This court dismissed Count I – breach of contract – on the grounds that the contract was between "Profit Management Associates East, Inc., d/b/a Profit Management Promotions ('PMP'), and Comfort Bedding & Furniture, Inc." and the Individual Defendants were not parties to the agreement. Rick, 241 F. Supp. 3d at 222. The court noted that while the complaint hinted at theories of piercing the corporate veil of PMP, or successor corporate liability, those theories had not been articulated. Id. As this court ruled, "[w]hile there may be a theory for holding the individual defendants, and other Profit Management entities, liable under the Agreement, it has not been pleaded in the complaint. Therefore, Count I will be dismissed without prejudice." Id.

Count III of the first amended complaint purported to state a claim of "intentional misrepresentation/fraud." In addition to finding that the complaint "fail[ed] to delineate the role of each defendant in connection with the alleged fraudulent misrepresentations" and

3

otherwise failed to allege fraud with particularity, this court found that the claim was barred by the statute of limitations, as a result of which any amendment would be futile. Id. at 223-24. Consequently, Count III was dismissed with prejudice. Id. at 224-25.

Count II of the first amended complaint purported to state a claim under Mass. Gen. Laws ch. 93A. Rick alleged that the defendants had committed "unfair and deceptive acts and practices in connection with the promotional sale by making misrepresentations, misappropriating funds and failing to properly allocate funds, among other things." Id. at 225. This court dismissed this Count against the Individual Defendants, without prejudice, because the allegations were "insufficient to state a claim against the individual defendants for their own personal wrongdoing" and failed to "state a basis for disregarding the corporate entity." Id.

## The Second Amended Complaint

By the proposed second amended complaint (Docket No. 74) ("SAC"), Rick has added various factual allegations, which will be discussed in more detail below. Similarly, he has sought to add six new parties: National Furniture Liquidators, National Furniture Liquidators of Pennsylvania and National Furniture Liquidators, L.L.C., all of which are Pennsylvania corporations whose president is the defendant Egan; A Plus Promotions L.L.C. and PMP Sales, L.L.C., which are New Jersey entities whose president is the defendant Mustafa; and Distar, L.L.C., a New York LLC whose president is the defendant Cooper.

Further facts will be provided below where appropriate.

## III. ANALYSIS

### A. Standard of Review

Rick's motion for leave to file his second amended complaint is governed by Fed. R. Civ. P. 15(a)(2). The decision whether to grant a motion for leave to amend falls within the trial court's discretion. Sheehan v. City of Gloucester, 321 F.3d 21, 26 (1st Cir. 2003). While leave to amend "shall be freely given when justice so requires," a motion to amend may be denied on the basis of futility, as well as improper motives such as bad faith, undue delay or a dilatory motive on the movant's part. See Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001). In the instant case, the Individual Defendants contend that the proposed SAC is futile. Where, as here, "leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the 'futility' label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6)." Id.

When ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all well-pleaded facts, and give the plaintiff the benefit of all reasonable inferences. See Cooperman v. Individual Inc., 171 F.3d 43, 46 (1st Cir. 1999). Where, as here, the plaintiff is proceeding *pro se*, the court must construe his allegations liberally. See Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed.2d 251 (1976) (a *pro se* complaint, however inartfully pleaded, must be liberally construed). Dismissal is only appropriate if the complaint, so viewed, fails to allege a "plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007)).

"The plausibility inquiry necessitates a two-step pavane." Garcia-Catalan v. United States, 734 F.3d 100, 103 (1st Cir. 2013). "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011)). This second step requires the reviewing court to "draw on its judicial experience and common sense." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009)). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Morales-Cruz, 676 F.3d at 224 (quoting SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010)). As detailed herein, this court finds that even in light of the amended pleadings, the complaint must be dismissed for failure to state a claim upon which relief can be granted with respect to all claims, except the claim against the defendant Cooper under ch. 93A.

B. **Count I: Breach of Contract**[2]

Count I of the proposed SAC, breach of contract, remains based on an agreement between PMP and Comfort Furniture. While Rick has added facts regarding what actions the Individual Defendants took in furtherance of that contract, he has not alleged any facts which

---

[2] As detailed by this court previously, the contract between the parties provides that Pennsylvania law applies. Rick, 241 F. Supp. 3d at 219. There was no substantive differences found between the applicable laws of Massachusetts and Pennsylvania with respect to the tort claim. Id. at 223.

6

alter the reality that the Individual Defendants are not parties to the agreement. Nor has he alleged any facts to establish the successor liability of the newly added corporations.

For example, but without limitation, the plaintiff has alleged that Cooper, as sales director of PMP, solicited the plaintiff "with regard to an agreement to conduct a high impact promotional sale on Comfort Furniture's premises" and provided information about what services PMP would provide. See SAC ¶¶ 20-23. Egan executed the contract "on behalf of PMP Corporation" but failed to conduct a final accounting of, and to provide access to information about, the promotional sale, which "PMP was to provide[.]" See SAC ¶¶ 25, 30-32. Mustafa "failed to satisfy PMP's obligations under the contract" by, among other things, failing to provide competent personnel during the sale. See SAC ¶¶ 35-37, 39. These allegations do not negate "the general rule that the corporate entity should be recognized and upheld." Lumax Indus., Inc. v. Aultman, 543 Pa. 38, 41-42, 669 A.2d 893, 895 (1995).

Nor has the plaintiff alleged any facts which would support a theory of piercing the corporate veil. "[P]iercing of the corporate veil is an equitable remedy whereby a court disregards the existence of the corporation to make the corporation's individual principals and their personal assets liable for the debts of the corporation." In re Blatstein, 192 F.3d 88, 100 (3d Cir. 1999) (internal punctuation and citation omitted). "The corporate veil is pierced only when 'the corporation was an artifice and a sham to execute illegitimate purposes and an abuse of the corporate fiction and immunity that it carries.'" Kaplan v. First Options of Chicago, Inc., 19 F.3d 1503, 1521 (3d Cir. 1994) (quoting Wheeling-Pittsburgh Steel Corp. v. Intersteel, Inc., 758 F. Supp. 1054, 1058 (W.D. Pa. 1990)). Rick seems to be arguing that the corporate structure of PMP should be disregarded so that its alleged principals, the Individual Defendants,

7

are held liable for PMP's actions.[3]  Under this "alter ego" theory of liability, Rick "must show that the corporation's owners abused the legal separation of a corporation from its owners and used the corporation for illegitimate purposes."  Kaplan, 19 F.3d at 1521.  Factors to be considered include "whether the corporation is grossly undercapitalized for its purposes[,]" and whether there is a "failure to observe corporate formalities, non-payment of dividends, the insolvency of the debtor corporation at the time, siphoning of funds of the corporation by the dominant stockholder, non-functioning of other officers or directors, absence of corporate records, and the fact that the corporation is merely a façade for the operations of the dominant stockholder or stockholders."  U.S. v. Pisani, 646 F.2d 83, 88 (3d Cir. 1981) (citation omitted). "A party that seeks the application of the alter ego theory to pierce the corporate veil bears the burden of proof to show by clear and convincing evidence that such a remedy is warranted." Gateco, Inc. v. Safeco Ins. Co. of Am., Civil Action No. 05-2869, 2006 WL 2077011, at *3 (E. D. Pa. July 24, 2006), and cases cited.  In the instant case, however, there are no allegations in the proposed SAC relating to any of the relevant criteria so as to support the piercing of the corporate veil of PMP.  Count I of the proposed SAC still fails to state a claim of breach of contract against the Individual Defendants.

Similarly, the plaintiff has not stated a claim of successor liability against any of the newly named corporate defendants for any breach of contract by PMP.  "The general rule is that when one company sells or transfers all of its assets to a successor company, the successor does not acquire the liabilities of the transferor corporation merely because of its succession to

---

[3] In reality, Cooper and Mustafa were never shareholders, directors or officers of PMP.  See Memorandum in Support of Defendants' Motion to Dismiss (Docket No. 38) at 4.

the transferor's assets." Dawejko v. Jorgensen Steel Co., 90 Pa. Super. 15, 18, 434 A.2d 106, 107 (1981). "However, the general rule does not apply and liability attaches to the successor when one of the following is shown:

1) The purchaser expressly or impliedly agrees to assume such obligation;
2) The transaction amounts to a consolidation or merger;
3) The purchasing corporation is merely a continuation of the selling corporation;
4) The transaction is fraudulently entered into to escape liability;
5) The transfer was not made for adequate consideration and provisions were not made for the creditors of the transferor.
6) The successor undertakes to conduct the same manufacturing operation of the transferor's product lines in essentially an unchanged manner. The successor is then strictly liable for injuries caused by defects in the product line, even if previously manufactured and distributed by the transferor."

Simmers v. Am. Cyanamid Corp., 394 Pa. Super. 464, 482, 576 A.2d 376, 386 (1990). In the instant case, the plaintiff has alleged only that one of the Individual Defendants is the president of each of the new companies. This is insufficient to state a claim of successor liability. Therefore, Count I of the proposed SAC fails to state a claim of breach of contract against any defendant other than PMP.

    **C.**    **Count II: Violation of Mass. Gen. Laws ch. 93A**

In Count II of the proposed SAC, the plaintiff alleges that PMP committed unfair and deceptive acts and practices under Mass. Gen. Laws ch. 93A which "resulted in [the] permanently damaged reputation of Comfort Furniture," the "utter failure of the sales promotion," and the "ultimate failure of Comfort Furniture." SAC ¶ 42. Cooper, Egan and Mustafa allegedly made "[m]alicious, purposeful, intentional misrepresentations" which "caused the failure of the promotion and pushed Comfort Furniture into bankruptcy." SAC ¶¶ 51-53. As detailed herein,

9

while specific wrongdoing has been alleged on the part of Cooper, the claims against the other Individual Defendants are insufficient to state a claim.

"[A] fraudulent misrepresentation, actionable at common law, often can form the basis for a Chapter 93A claim" as may other unscrupulous business practices. Rodi v. S. New England Sch. of Law, 389 F.3d 5, 20 (1st Cir. 2004), and cases cited; Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 778, 489 N.E.2d 185, 197 (1986). A ch. 93A claim based on fraud must satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b). See Watkins v. Omni Life Sci., Inc., 692 F. Supp. 2d 170, 177 (D. Mass. 2010). Thus, the plaintiff "must specify the time, place, and content of the false representations that [the plaintiff] received and upon which [the plaintiff] relied[.]" OrbusNeich Med. Co., Ltd. v. Boston Sci. Corp., 694 F. Supp. 2d 106, 118 (D. Mass. 2010). Conclusory allegations are insufficient. Id. Moreover, where there are multiple defendants, each individual's actions must be alleged specifically. See Rick, 241 F. Supp. 3d at 224, and cases cited. Finally, a person who is acting within the scope of his or her authority as an officer of a company may be held personally liable for his or her own misrepresentations. See, e.g., Standard Register Co. v. Bolton-Emerson, Inc., 38 Mass. App. Ct. 545, 550-551, 649 N.E.2d 791, 794-95 (1995) (corporate officers acting within scope of their authority remain personally liable under ch. 93A for their own misrepresentations); Rodi, 389 F.3d at 13-14 (deans of law school can be held personally liable for misrepresentations made to induce student to enroll in, and then remain in, their school).

In the instant case, the claims against Egan and Mustafa fail to state a claim. There are no details provided other than these defendants made "[m]alicious, purposeful, intentional misrepresentations" and that they engaged in "unfair and deceptive conduct," concealed and

omitted to disclose "material facts," engaged in conduct that would "raise the eyebrow of a business person familiar with the harsh customs of contracts" and made "knowing misrepresentations and material omissions" regarding the promotional sale and PMP's cash flow problems. SAC ¶¶ 52-53, 60-70. These generalized and conclusory allegations are insufficient to state a claim against these defendants.

The allegations against Cooper, however, are more specific. In the proposed SAC, it is alleged that on or about January 10, 2011, Cooper, "as Sales Director and Senior Manager of defendant PMP[,]" solicited Rick to enter into the promotional sale agreement and, in so doing, "failed to disclose that PMP had cash flow issues that would impact PMP's ability to conduct a promotional sale for the financial benefit of" Comfort Furniture, misrepresented that "PMP had the expertise and financial ability to conduct a promotional sale that would increase customer sales and raise capital for the plaintiff," and misrepresented that "PMP had extensive lines of credit and assured Plaintiff that product would be re-ordered once the contract with PMP had been executed." SAC ¶¶ 43-47; see also ¶¶ 21-23, 26, 33. These representations were allegedly made with the intention that the plaintiff would rely on them, and Comfort Furniture did so rely in entering into the contract relating to the high impact promotional sale with PMP. See id. ¶¶ 45-49. As a result of Cooper's misrepresentations, the promotional sale failed, and Comfort Furniture was "pushed into bankruptcy." Id. ¶ 51. These allegations are sufficient to state a claim for violation of ch. 93A against Cooper. See Standard Register, 38 Mass. App. Ct. at 550-51, 649 N.E.2d at 794-95 (corporate officers may be personally liable under ch. 93A in connection with fraudulently inducing company into entering into a contract and making misrepresentations regarding the progress of the contract).

### D. Count III: Intentional Misrepresentation/Fraud

Despite this court's dismissal of the misrepresentation/fraud claim in the first amended complaint with prejudice, the plaintiff has attempted to re-plead this count, adding more details regarding the assertions allegedly made by Mustafa, Cooper and Egan. SAC ¶¶ 72-98. However, like in the case of the first amended complaint, "[a]ny statements were made, and the damage incurred, before Comfort Furniture filed for bankruptcy on June 28, 2011. However, suit was not filed until March 24, 2015." Rick, 241 F. Supp. 3d at 224. Therefore, these claims are barred by the appropriate statute of limitations. Id. at 224-25.

### IV. CONCLUSION

For the reasons detailed herein, the proposed second amended complaint, as amended, states a claim for unfair and deceptive acts or practices against the defendant Ronald Cooper. The remaining counts, however, still fail to state a claim upon which relief can be granted. The motion for leave to file the second amended complaint (Docket Nos. 60 & 74) is ALLOWED IN PART and DENIED IN PART accordingly.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge