UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERROL RICK, Assignee of COMFORT BEDDING AND FURNITURE, INC., )<br>)<br>Plaintiff, )<br>v. )<br>) CIVIL ACTION<br>PROFIT MANAGEMENT ASSOCIATES, INC. ) NO. 15-11171-JGD<br>d/b/a PROFIT MANAGEMENT PROMOTIONS )<br>and/or PROFIT MANAGEMENT ASSOCIATES )<br>EAST, INC.; MICHAEL J. EGAN, as President )<br>and Individually; JOHN "HECTOR" MUSTAFA, )<br>Individually; and RONALD COOPER, Individually, )<br>)<br>Defendants. ) | |

# MEMORANDUM OF DECISION AND ORDER ON
# MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

October 19, 2018

DEIN, U.S.M.J.

## I. INTRODUCTION

By Memorandum of Decision and Order dated April 13, 2018, this court granted the plaintiff's motion for leave to file a second amended complaint against defendant Ronald Cooper on Count II (violation of Mass. Gen. Laws. ch. 93A), but denied the motion as to the remaining claims. See Rick v. Profit Mgmt. Assoc., Inc., Civil Action No. 15-11171-JGD, 2018 WL 1783797 (D. Mass. Apr. 13, 2018). Thereafter, the plaintiff filed a motion for leave to file a third amended complaint (Docket No. 86), which asserts claims solely against defendant Michael Egan. Defendant Egan opposes the motion. For the reasons detailed herein, the proposed

third amended complaint fails to state a claim upon which relief can be granted. The motion for leave to file the third amended complaint (Docket No. 86) is therefore DENIED.

## II. **STATEMENT OF FACTS**

Since the proposed third amended complaint is premised on the prior amended complaints, this court will assume the reader's familiarity with its earlier decisions. Briefly, the *pro se* plaintiff, Errol Rick, was the former President and 50% owner of Comfort Bedding and Furniture, Inc. ("Comfort Furniture"), a company that was liquidated pursuant to a Chapter 7 Bankruptcy Proceeding in the United States District Court, District of Massachusetts (No. 11-42740-MSH). He brings this action by virtue of an assignment from Comfort Furniture authorized by the Bankruptcy Court dated January 20, 2014.

On or about February 24, 2011, Comfort Furniture entered into a Sales Promotion Agreement with Profit Management Associates, Inc. d/b/a Profit Management Promotions ("PMP") pursuant to which PMP was to conduct a high impact promotional sale on behalf of Comfort Furniture for 60 days, commencing on March 24, 2011. Problems arose virtually immediately. By April 18, 2011, Comfort Furniture served PMP with a Notice and Demand letter pursuant to Mass. Gen. Laws ch. 93A.

### **The First Amended Complaint**

Plaintiff commenced this action on March 24, 2015 against PMP. The complaint was subsequently amended to add the individual defendants, Michael Egan, John "Hector" Mustafa, and Ronald Cooper (collectively, the "Individual Defendants"), to the claims originally brought against PMP, namely breach of contract, fraudulent misrepresentation, and violation of Mass. Gen. Laws ch. 93A. PMP never filed a responsive pleading and a default was entered against it.

2

The Individual Defendants moved to dismiss all the counts of the complaint. This court dismissed Count I – breach of contract – on the grounds that the contract was between "Profit Management Associates East, Inc., d/b/a Profit Management Promotions ('PMP'), and Comfort Bedding & Furniture, Inc." and the Individual Defendants were not parties to the agreement. Rick v. Profit Mgmt. Assoc., Inc., 241 F. Supp. 3d 215, 222 (D. Mass. 2017). The court noted that while the complaint hinted at theories of piercing the corporate veil of PMP, or successor corporate liability, those theories had not been articulated. Id. Thus, the court dismissed the claim without prejudice. Id.

Count II of the first amended complaint purported to state a claim under Mass. Gen. Laws ch. 93A. Rick alleged that the defendants had committed "unfair and deceptive acts and practices in connection with the promotional sale by making misrepresentations, misappropriating funds and failing to properly allocate funds, among other things." Id. at 225. This court dismissed this Count against the Individual Defendants, without prejudice, because the allegations were "insufficient to state a claim against the individual defendants for their own personal wrongdoing" and failed to "state a basis for disregarding the corporate entity." Id.

Count III of the first amended complaint purported to state a claim of "intentional misrepresentation/fraud." This court found that the claim was barred by the statute of limitations and dismissed the claim with prejudice. Id. at 224-25.

### The Second Amended Complaint

Rick subsequently moved for leave to file a second amended complaint. The proposed second amended complaint included additional factual allegations and named six new corporate entities headed by the Individual Defendants. This court denied Rick's motion as to

3

Count I (breach of contract), concluding that while the defendant had "added facts regarding what actions the Individual Defendants took in furtherance of that contract, he [had] not alleged any facts which alter the reality that the Individual Defendants are not parties to the agreement." Rick, 2018 WL 1783797, at *3. Further, the court concluded that the plaintiff had also failed to "allege[] any facts which would support a theory of piercing the corporate veil" or a claim of successor liability. Id. at *3-4.

The court also denied Rick's motion as to Count III (intentional misrepresentation/ fraud). The court explained that while Rick had added additional details to his second amended complaint on this count, the claim was ultimately still barred by the statute of limitations. Id. at *5.

In Count II of the second amended complaint, Rick again advanced a claim under Mass. Gen. Laws ch. 93A. The court determined that Rick's allegations against Egan and Mustafa were "generalized and conclusory," and thus "insufficient to state a claim against [those] defendants." Id. However, the allegations against Cooper were more specific. As the court noted, the second amended complaint alleged that Cooper had "solicited Rick to enter into the promotional sale agreement and, in so doing," failed to disclose PMP's cash flow issues, misrepresented PMP's expertise, and misrepresented that "product would be re-ordered once the contract with PMP had been executed." Id. (quotations omitted). The second amended complaint further alleged that these misrepresentations were made "with the intention that the plaintiff would rely on them, and Comfort Furniture did so rely in entering into the contract relating to the high impact promotional sale with PMP. As a result of Cooper's misrepresentations, the promotional sale failed, and Comfort Furniture was pushed into bankruptcy." Id. (quotations

4

and citations omitted). The court determined that these allegations were sufficient to state a claim under ch. 93A. Id. Accordingly, Rick's motion for leave to file a second amended complaint was granted on Count II as to defendant Cooper, and denied as to defendants Egan and Mustafa. Id.

### The Third Amended Complaint

Rick has now moved for leave to file a third amended complaint. See Docket No. 86. In his motion, Rick indicates that defendant Cooper filed for bankruptcy on December 1, 2017. Id. at 2. Rick's proposed third amended complaint ("TAC") names only Egan as a defendant, and purports to assert a claim under ch. 93A. Rick contends that he is "not seeking to introduce new facts or theories of recovery, but merely moves to clearly present his basis for the allegation of damages against Egan and PMP." Id. at 1-2.

Further facts will be provided below where appropriate.

### III. ANALYSIS

#### A. Standard of Review

Defendant Egan contends that the plaintiff is merely asking the court to reconsider its decision on the plaintiff's proposed second amended complaint. As such, Egan argues that this court should apply the standard of review for motions for reconsideration. This court declines to do so. Although the plaintiff states that his proposed TAC does not seek to introduce new facts or theories of recovery, it does clarify and incorporate allegations that were originally advanced solely in Count III (intentional misrepresentation/fraud) into Count II (ch. 93A). Accordingly, this court will apply the standard of review governing motions for leave to amend a complaint, Fed. R. Civ. P. 15(a)(2).

The decision whether to grant a motion for leave to amend falls within the trial court's discretion. Sheehan v. City of Gloucester, 321 F.3d 21, 26 (1st Cir. 2003). While leave to amend "shall be freely given when justice so requires," a motion to amend may be denied on the basis of futility, as well as improper motives such as bad faith, undue delay or a dilatory motive on the movant's part. See Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001). Where, as here, "leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the 'futility' label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6)." Id.

When ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all well-pleaded facts, and give the plaintiff the benefit of all reasonable inferences. See Cooperman v. Individual Inc., 171 F.3d 43, 46 (1st Cir. 1999). Where, as here, the plaintiff is proceeding *pro se*, the court must construe his allegations liberally. See Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976) (a *pro se* complaint, however inartfully pleaded, must be liberally construed). Dismissal is only appropriate if the complaint, so viewed, fails to allege a "plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007)).

"In evaluating whether a complaint states a plausible claim, we 'perform [a] two-step analysis.'" Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016) (quoting Cardigan Mountain Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015)). "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013)

6

(quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011)). This second step requires the reviewing court to "draw on its judicial experience and common sense." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009)). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Morales-Cruz, 676 F.3d at 224 (quoting SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010)). As detailed herein, this court finds that the proposed TAC fails to state a claim upon which relief can be granted.

**B.      Discussion**

In the sole count of the proposed TAC, the plaintiff alleges that Egan committed unfair and deceptive acts and practices under Mass. Gen. Laws ch. 93A. The proposed TAC relies on two emails Egan allegedly sent the plaintiff on June 24, 2011, after the conclusion of the promotional sale and three days before Comfort Furniture filed for bankruptcy. See TAC ¶ 7. In the emails Egan allegedly stated "[w]e have a security interest in our merchandise as well as your original merchandise and we will protect our merchandise and the amounts that are owed inside or outside of bankruptcy." Id. The emails also allegedly asserted that Comfort Furniture owed PMP money and that PMP's "UCC's [gave PMP] the right" to "pick up the merchandise and credit [Comfort Furniture's] balance due." Id. The plaintiff alleges that in these emails Egan "knew and fraudulently concealed" facts from the plaintiff in an attempt to deceive the plaintiff "into believing that Egan's security interests and filed UCC's possessed the means and

7

legal ability to pick up . . . merchandise." TAC ¶ 9, 10. Egan allegedly "calculated [that] his deception would push [Comfort Furniture] out of business so as to deprive the Plaintiff of conducting a 'who owes who how much' (a final accounting)." TAC ¶ 12. The plaintiff alleges that "[b]y eliminating a true final accounting, Egan would gain an enriched financial position," despite owing Comfort Furniture $355,000. Id. The plaintiff further alleges that the proof of claim that Egan submitted in Comfort Furniture's bankruptcy proceedings was fraudulent. TAC ¶ 15.

"Claims brought under Mass. Gen. Laws ch. 93A require that a plaintiff asserting the violation prove that he suffered a loss as a result of the defendant's unfair or deceptive business practices." Thrivent Financial for Lutherans v. Strojny, 882 F. Supp. 2d 260, 271 (D. Mass. 2012) (footnote omitted). While a fraudulent misrepresentation may form the basis of a ch. 93A claim, a ch. 93A claim based on fraud must also satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b). See Watkins v. Omni Life Sci., Inc., 692 F. Supp. 2d 170, 177 (D. Mass. 2010). Thus, the plaintiff "must specify the time, place, and content of the false representations that [the plaintiff] received and upon which [the plaintiff] relied[.]" OrbusNeich Med. Co., Ltd., BVI v. Boston Sci. Corp., 694 F. Supp. 2d 106, 118 (D. Mass. 2010). Conclusory allegations are insufficient. Id. Finally, a person who is acting within the scope of his or her authority as an officer of a company may be held personally liable for his or her own misrepresentations. See, e.g., Standard Register Co. v. Bolton-Emerson, Inc., 38 Mass. App. Ct. 545, 550-551, 649 N.E.2d 791, 794-95 (1995) (corporate officers acting within scope of their authority remain personally liable under ch. 93A for their own misrepresentations); Rodi v. S. New England Sch. of Law, 389 F.3d 5, 13-14 (1st Cir. 2004) (deans of law school can be held

personally liable for misrepresentations made to induce student to enroll in, and then remain in, their school).

As the court indicated in its prior decision ruling on the plaintiff's proposed second amended complaint, the allegations as to defendant Cooper's conduct in the course of PMP's dealings with Comfort Furniture were sufficient to state a claim under ch. 93A. However, the allegations against Egan with respect to the initial business arrangement were insufficient to state a claim against Egan. The TAC does not add any substantive relevant facts against Egan relating to the business arrangement. Therefore, those allegations remain insufficient for the reasons discussed in the court's opinion on the proposed second amended complaint. See Rick, 2018 WL 1783797, at *5.

The new allegations against Egan do not relate to the parties' initial business arrangements, but, rather, address communications defendant Egan sent later. The proposed TAC alleges that "[t]here is a causal connection between Egan's unfair and deceptive conduct and the losses and damages suffered." TAC ¶ 22. However, beyond such conclusory statements, the plaintiff fails to plausibly allege how Egan's emails, sent after the conclusion of the promotional sale and on the cusp of Comfort Furniture's bankruptcy filings, caused Comfort Furniture to suffer a loss. Accordingly, the proposed TAC fails to state a claim upon which relief can be granted.

### IV. CONCLUSION

For the reasons detailed herein, the proposed third amended complaint, as amended, fails to state a claim upon which relief can be granted. The motion for leave to file the third amended complaint (Docket No. 86) is therefore DENIED.

9

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge